1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
* * *

UNITED STATES OF AMERICA,  )
                           )
        Plaintiff,         )          2:10-cr-00080-RCJ-RJJ
                           )
                           )    REPORT &  RECOMMENDATION
vs.                        )        OF UNITED STATES
                           )        MAGISTRATE JUDGE
                           )    _____
                           )    (Defendant's Motion to Dismiss Indictment
                           )    Based on Prior Unlawful Deportation (#13))
MARIO ALBERTO GARCIA GOMEZ, )
                           )
                           )
        Defendant.         )
_____)

This matter comes before the Court on Defendant Mario Albert Garcia Gomez' Motion to Dismiss Indictment Based on Prior Unlawful Deportation (#13).  The Court has reviewed Defendant's Motion (#13) and the Government's Response (#14).

**BACKGROUND**

On February 24, 2010, Defendant Mario Alberto Garcia-Gomez (Garcia) was indicted for Unlawful Reentry of a Deported Alien in violation of 8 U.S.C. § 1326.  It is alleged that on or about February 9, 2010, Garcia unlawfully reentered and remained in the United States without the express consent of the Secretary for Homeland Security.  The indictment further alleges that Garcia was previously removed from the United States on or about April 29, 2002, June 25, 2007, July 19, 2007, and March 25, 2008.

On April 18, 2002, Garcia was served with a Notice to Appear before an Immigration Judge.  *See* Exhibit A attached to Defendant's Motion (#13).  The Notice alleged that Garcia was a citizen of Mexico who had entered the United States at or near Calexico, California on or about July 1, 1991, without inspection by an immigration officer.  The Notice further alleged that

1   Garcia, on April 23, 2001, was convicted for violating California Vehicle Code § 23153(b) and

2   sentenced to two-years confinement.[1]  Exhibit A.  Based on these allegations, Garcia was charged

3   with removability pursuant to Immigration and Naturalization Act (INA) § 212(a)(6)(A)(i)[2] as an

4   alien present in the United States without being admitted or paroled.  Exhibit A.

5         On April, 23, 2002, Garcia appeared at a hearing before an Immigration Judge and was

6   ordered removed to Mexico.[3]  *See* Exhibit B attached to Defendant's Motion (#13).

7   Subsequently, Garcia reentered the United States on three separate occasions.  On each occasion

8   the April 23, 2002, removal order was reinstated pursuant to INA § 241(a)(5).[4]  *See* Exhibit C

9   attached to Defendant's Motion (#13).  Consequently, the April 23, 2002, removal order forms

10  the basis for each removal alleged in the indictment.

11        By way of this motion, Garcia argues that the April 23, 2002, removal order cannot be

12  used to sustain a conviction under section 1326.  Specifically, Garcia claims that the charge must

13  be dismissed because his due process rights were violated when he was not informed of his

14  eligibility for voluntary departure under 8 U.S.C. § 1229c(a) during the April 23, 2002, removal

15  hearing.  The government argues that Garcia was not prejudiced by any due process violation

16  because he has a conviction for perjury, which qualifies as an aggravated felony, making him

17  ineligible for relief under section 1229c(a).  *See* Government's Exhibit attached to Response

18  (#14).

19                                   **DISCUSSION**

20        "A defendant charged with illegal reentry under 8 U.S.C. § 1326 has a Fifth Amendment

21  right to collaterally attack his removal order because the removal order serves as a predicate

22

23        [1]  California Vehicle Code § 23153(b) makes it "unlawful for any person, while having 0.08 percent
24  or more, by weight, of alcohol in his or her blood to drive a vehicle and concurrently do any act forbidden
     by law, or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes
25  bodily injury to any person other than the driver."

26        [2]  This section is codified at 8 U.S.C. § 1182(a)(6)(A)(i).

27        [3]  On April 29, 2002, Garcia was physically removed to Mexico pursuant to the April 23, 2002,
     Removal Order.

28        [4]  This section is codified at 8 U.S.C. § 1231(a)(5).

1   element of his conviction." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir.

2   2004) (citation omitted).   In order to sustain the collateral attack, the defendant must establish

3   (1) exhaustion of all available administrative remedies, (2) that the deportation proceedings

4   deprived the defendant of meaningful judicial review, and (3) that the order was fundamentally

5   unfair.  *See* 8 U.S.C. § 1326(d).  An underlying removal order is "fundamentally unfair" if (1) the

6   defendant's due process rights were violated by defects in the underlying removal proceeding,

7   and (2) the defendant was prejudiced as a result of the defects. *United States v. Arrieta*, 224 F.3d

8   1076, 1079 (9th Cir. 2000) (citation omitted).  To establish prejudice, a defendant does not have

9   to prove that alternative relief actually would have been granted but, merely, that he had plausible

10  grounds for alternative relief from removal. *United States v. Esparza-Ponce*, 193 F.3d 1133,

11  1136 (9th Cir. 1999).

12      **1. Fundamentally Unfair**

13      It is well-established within the Ninth Circuit that if the record at a removal hearing raises

14  an inference that a defendant is entitled to relief from removal, an immigration judge's failure to

15  inform or advise a defendant of that eligibility is a due process violation.  *See e.g.*, *Arrietta*, 224

16  F.3d at 1079 (an immigration judge must advise a defendant of the possibility of eligibility for

17  relief from removal); *United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1054 (9th Cir. 2003)

18  ("The duty of the [Immigration Judge] to inform an alien of his eligibility for relief is mandatory,

19  and the failure to do so constitutes a violation of the alien's due process rights."); *United States v.*

20  *Muro-Inclan*, 249 F.3d 1180, 1183 (9th Cir. 2001) (failure to inform a defendant that he is

21  eligible for relief from removal is a due process violation).  Here, Garcia does not challenge the

22  grounds upon which he was determined removable during the April 23, 2002, removal

23  proceeding, but contends that his due process rights were violated when he was not advised that

24  he was eligible for relief pursuant to 8 U.S.C. 1229c(a).

25      Section 1229c(a)(1) permits an alien to voluntarily depart the United States at the alien's

26  own expense if the alien is not deportable under 8 U.S.C. § 1227(a)(2)(A)(iii) (aggravated

27  felony) or 8 U.S.C. § 1227 (a)(4)(B) (terrorist activities).  It is undisputed that neither the Notice

28

to Appear, nor the removal order, indicates that Garcia was deportable as an aggravated felon or

for engaging in terrorist activities.  However, the government, relying on documentation

contained within Garcia's A-File (attached as Exhibit A to Government's Response (#14)),

argues that Garcia's criminal history includes a perjury conviction predating the April 23, 2002,

removal order.  According to the government, the perjury conviction qualifies as an aggravated

felony and would have precluded any relief under section 1229c(a).

The mere existence of the perjury conviction does not cure the due process violation.  *See*

*cf. United States v. Soto-Castelo*, 621 F.Supp.2d 1062, 1071 (D. Nev. 2008) *aff'd by* 2010 WL

55549 (9th Cir.). The perjury conviction was not documented in the Notice to Appear nor is there

evidence in the record suggesting that it was placed before, or considered by, the Immigration

Judge during the April 23, 2002, removal proceedings.  Thus, the record supports the inference

that, at the time of the removal proceedings, the Immigration Judge should have advised Garcia

that he was eligible for voluntary departure. "Due process mandates that an immigration judge

inform an alien of his right to apply for discretionary relief where the record supports an

inference that the alien is eligible." *Soto-Castelo*, 621 F.Supp.2d at 1071.[5]

**2. Prejudice**

The conclusion that Garcia's due process rights were violated during the April 23, 2002,

removal proceedings does not end the inquiry.  Garcia must also show that he was prejudiced by

the violation.  To show prejudice, Garcia must show that he had a plausible ground for relief.

*See e.g.*, *Ubaldo-Figueroa*, 364 F.3d at 1050.  If Garcia was barred from receiving relief, he was

not prejudiced by the due process violation.  *United States v. Gonzales-Valerio*, 342 F.3d 1051,

1056 (9th Cir. 2003) ("If [an alien] is barred from receiving relief, [the alien's] claim is not

plausible.").

The fact that the perjury conviction was not included in the Notice to Appear as a ground

_____

[5] Because Garcia was not informed that he was eligible for relief from removal during the April 23, 2002, hearing, he is exempted from the exhaustion requirement of 1326(d). *See United States v. Ortiz-Lopez*, 385 F.3d 1202, 1204 n. 2 (9th Cir. 2004) (citing *Ubaldo-Figueroa*, 364 F.3d at 1049). Further, any waiver of the right to appeal cannot be considered and intelligent. *United States v. Muro-Inclan*, 249 F.3d 1180, 1182 (9th Cir. 1999) (a waiver of appeal is invalid if the alien is not advised of possible eligibility for relief).

- 4 -

1  for removability or considered by the immigration judge during the removal proceedings does not

2  preclude its consideration in this matter.  *See Salviejo-Fernandez v. Gonzales*, 455 F.3d 1063,

3  1066 (9th Cir. 2006) (government not required to include charges in the [Notice to Appear] that

4  are not grounds for removal but are grounds for denial of relief from removal); *Gonzales-Valerio*,

5  342 F.3d at 1055-56 (defendant not prejudiced by consideration of a conviction not included in

6  the [Notice to Appear] or placed before the Immigration Judge during the removal proceeding

7  because it could have been considered by the Immigration Judge if the defendant sought relief

8  from removal); *Soto-Castelo*, 621 F.Supp.2d at 1072-73 (defendant not prejudiced by

9  consideration of conviction not included in the [Notice to Appear] or placed before the

10 Immigration Judge during the removal proceeding because the government was aware of the

11 conviction and would have raised it as a bar to any request for voluntary departure under section

12 1229c(a)).  Here, just as in *Soto-Castelo*, the government has shown that it possessed information

13 regarding Garcia's perjury conviction at the time the Notice to Appear was served.  Thus, there is

14 little doubt that the perjury conviction would have been raised had Garcia requested voluntary

15 departure under section 1229c(a).  If the perjury conviction would have barred relief under

16 section 1229c(a), Garcia cannot demonstrate prejudice because he would have had no plausible

17 ground for relief.

18         As previously noted, 8 U.S.C. § 1229c(a)(1) permits an alien to voluntarily depart the

19 United States at the alien's own expense if the alien is not deportable under 8 U.S.C. §

20 1227(a)(2)(A)(iii) (aggravated felony).  The term "aggravated felony" includes "an offense

21 relating to obstruction of justice, perjury or subornation of perjury, or bribery of a witness, for

22 which the term of imprisonment is at least one year.  8 U.S.C. § 1101(43)(S).  On April 23, 2001,

23 Garcia was convicted of perjury in violation of California Penal Code § 118 and sentenced to

24 two-years in prison.[6]

25         In determining whether a state conviction constitutes an aggravated felony under section

26

27         [6]  Garcia's two-year sentence for perjury was to be served concurrently with his two-year sentence
28 imposed as a result of his conviction under California Vehicle Code § 23153(b).  The conviction under
   section 23153(b) was referenced in the Notice to Appear for removal proceedings.

- 5 -

1101(a)(43), courts employ the categorical approach described in *Taylor v. United States*, 495 U.S. 575, 600 (1990).  *See e.g.*, *United States v. Castillo-Rivera*, 244 F.3d 1020, 1022 (9th Cir. 2001) *cert. denied*, 534 U.S. 931.  The categorical approach requires the Court to "make a categorical comparison of the elements of the statute of conviction to the generic definition [of the crime], and decide whether the conduct proscribed by [the statute of conviction] is broader than, and so does not categorically fall within, [the] generic definition." *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1152 (9th Cir. 2008) (quoting *Navarro-Lopez v. Gonzales*, 503 F.3d 1063, 1067-68 (9th Cir. 2007)).

The California perjury statute, under which Garcia was convicted, defines perjury as follows:

> Every person who, having taken an oath that he or she will testify, declare, depose, or certify truly before any competent tribunal, officer, or person, in any of the cases in which the oath may by law of the State of California be administered, willfully and contrary to the oath, states as true any material matter which he or she knows to be false, and every person who testifies, declares, deposes, or certifies under penalty of perjury in any of the cases in which the testimony, declarations, depositions, or certification is permitted by law of the State of California under penalty of perjury and willfully states as true any material matter which he or she knows to be false, is guilty of perjury.

California Penal Code § 118(a).   The federal perjury statute defines perjury as:

> Whoever--
>
> (1) having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; or
>
> (2) in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true;
>
> is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both. This section is applicable whether the statement or subscription is made within or without the United States.

18 U.S.C. § 1621.  The elements of California Penal Code § 118(a) and 18 U.S.C. § 1621 are a categorical match.  *Cf. In re Martinez-Recinos*, 23 I & N Dec. 175, 2001 WL 1513197 (BIA) (2001).  The conduct proscribed in California Penal Code § 118(a) falls squarely within the generic definition of perjury contained in 18 U.S.C. § 1621.  Since Garcia's perjury conviction

- 6 -

1    included a two-year sentence, it constitutes an aggravated felony under 8 U.S.C. § 1101(43)(S)

2    and would have barred any relief under section 1229c(a).  Consequently, Garcia was not

3    prejudiced by the Immigration Judge's failure to inform him of his potential eligibility to apply

4    for discretionary relief during the April 23, 2002, removal proceedings.  *Gonzales-Valerio*, 342

5    F.3d at 1056.[7]

**RECOMMENDATION**

7         Based on the foregoing and good cause appearing therefore,

8         IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that the

9    Defendant's Motion to Dismiss Based On A Prior Unlawful Deportation (#13) be **DENIED**.

**NOTICE**

11        Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation**

12   **must be in writing and filed with the Clerk of the Court on or before April 28, 2010**.  The

13   Supreme Court has held that Courts of Appeal may determine an appeal has been waived due to

14   the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

15   This circuit has also held that (1) failure to file objections within the specified time and (2)

16   failure to properly address and brief the objectionable issues waives the right to appeal the

17   District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez*

18   *v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452,

19   454 (9th Cir. 1983).

20        DATED this   14th   day of April, 2010.

22                                          _____
23                                          ROBERT J. JOHNSTON
                                            United States Magistrate Judge

---

27   [7]  Because the Court concludes that Garcia was not prejudiced by the due process violation during the April 23, 2002, removal hearing, the subsequent removals based upon reinstatement of that order also provide a valid predicate for the indictment in this case.  *See Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 498 (9th Cir. 2007)