## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:10-cr-00080-RCJ-RJJ |
| Plaintiff, | **ORDER** |
| vs. | (Magistrate Judge's Report and Recommendation – #16) |
| MARIO ALBERTO GARCIA-GOMEZ, | |
| Defendant | |

### INTRODUCTION

Before the Court are Defendant Mario Alberto Garcia-Gomez's Objections to Report and Recommendation (#18). The Magistrate Judge reviewed Garcia-Gomez's Motion to Dismiss Based Upon a Prior Unlawful Deportation (#13) and the Government's Response (#14) and recommended that the Defendant's Motion to Dismiss based upon a prior unlawful deportation (#13) be denied. Defendant then filed a timely Objection (#16) and the Government filed its Response (#20). A hearing was held on July 9, 2010 (#29) after which the Defendant filed a Supplement (#28).

### DISCUSSION

Defendant Garcia-Gomez requests that this Court conduct a collateral review of his prior immigration court proceedings and find that the immigration court's removal order was defective and violated his due process rights by not informing him that he was eligible for voluntary departure under 8 USC § 1229c(a). The Government admits that the prior removal order was facially erroneous because the Order relied only upon a conviction which did not bar a voluntary departure, but argues that the immigration judge's error was not prejudicial because Garcia-Gomez had an additional prior conviction (perjury) which did qualify as an aggravated felony.

Furthermore, the government argues that this aggravated felony would have barred a voluntary departure if it had been properly brought to the attention of the immigration court.

The parties agreed during the July 9, 2010 hearing before this Court, that the immigration court's removal order was erroneous. Based upon the only conviction listed on the Notice to Appear, the immigration judge should have informed Garcia-Gomez that he was eligible for voluntary departure. However, the parties also agreed that Garcia-Gomez was convicted of perjury prior to the immigration court proceedings and that the government's representative possessed the documents demonstrating this conviction. Had the government brought those documents to the attention of the immigration judge, the judge could have properly considered Defendant's prior conviction. The parties further agreed that the Defendant's perjury conviction did qualify as an aggravated felony and that had Garcia-Gomez attempted to request a voluntary departure, the perjury conviction would have properly barred a voluntary departure if the government would have brought it to the attention of the immigration judge.

Therefore, the parties at first appeared to be asking this court to predict whether the government's representative at the immigration court proceedings would have actually brought the existence of the perjury conviction to the attention of the immigration judge to bar Defendant's voluntary departure if Garcia-Gomez had been properly notified of this option and attempted to request a voluntary departure. This is the approach employed by the Magistrate Judge in the Report and Recommendation (#16).

Accordingly, this Court questioned the parties during the hearing as to whether any inferences should be drawn by the fact that the perjury conviction was listed on the first Notice to Appear but not the final Notice to Appear. However, the parties agreed that the perjury conviction was not required to be listed on this document and the existence of the additional perjury conviction could have been raised during any part of the proceeding to bar Defendant's voluntary departure. The parties agreed that the only issue currently before the court now is

whether during a collateral review conducted for the purposes of determining if the Defendant's underlying removal order was fundamentally unfair a district court is limited to reviewing only the same information which was before the immigration court.

Defendant relies upon *Cheuk Fung S-Yong v. Holder*, 600 F.3d 1028, 1035 (9th Cir. 2010) to support its argument that this Court's review is limited and the ability to review evidence beyond the record of the immigration court is prohibited. In *S-Yong*, the defendant challenged the ability of the immigration judge to review information regarding a conviction that existed only outside the record (the "rap sheet" orally proffered by the government but never submitted into evidence and the oral admissions of S-Yong) to determine whether a prior conviction qualified as an aggravated felony that would bar relief from removability. The court of appeals determined that the immigration court was not permitted to consider such information and explained the basis for its ruling:

> the point of the exercise is to determine *reliably,* and without the distractions associated with relitigating the underlying criminal case, whether the defendant was convicted of the elements of the generic crime as described in the immigration statute. *Tokatly v. Ashcroft*, 371 F.3d 613, 621; *see also Shepard v. United States,* 544 U.S. 13, 23, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005). To this end, we have strictly prohibited immigration judges from looking behind the documentary record of conviction to the underlying facts of a prior offense. *Tokatly*, 371 F.3d at 622.

*Cheuk Fung S-Yong v. Holder*, 600 F.3d 1028, 1035 (9th Cir. 2010).

However, the task before this court now is not the same as the task before the court in *S-Yong*. In fact, the parties in this case have already agreed that Garcia-Gomez's other prior conviction for perjury was an aggravated felony and that, if properly raised, it would have barred relief from removability. Rather, this Court is asked to conduct a collateral review of the proceedings to determine if the immigration court's error prejudiced Garcia-Gomez resulting in a fundamentally unfair removal order which should then not be used as an element of his current

alleged offense.

This Court has therefore considered the Ninth Circuit decisions of *U.S. Ubaldo-Figueroa*, 364 F.3d 1042 (9th Cir. 2004) and *U.S. v. Gonzalez-Valerio*, 342 F.3d 1051 (9th Cir. 2003). Both of these cases are similar to the instant case before the court in that those cases involved a collateral attack by the defendant upon his previous deportation.  In both cases, the defendants argued that the district court should find that the immigration court's failure to inform the defendant of his right to voluntary removal prejudiced the defendant.

In *Ubaldo-Figueroa*, 364 F.3d 1042 (9th Cir. 2004), the court of appeals considered whether or not the defendant had been prejudice by the immigration court's failure to inform him of a right to voluntary removal.  The district court "heard testimony and arguments regarding [the defendant's] eligibility for relief under § 212(c) and determined that he had not made a showing of prejudice." *Id.* at 1050.  The court of appeals reversed the district court, ruling that the defendant had pled a plausible claim for relief, successfully showing he was prejudiced by the immigration court's constitutional error. *Id.* at 1051.  In making their determinations, both the district court and the court of appeals looked at additional evidence which was not part of the immigration court record but that was provided to the district court, including evidence that Ubaldo-Figueroa had been gainfully employed since he came to the United States, and his employer has the highest regard for his work ethic; that he had "substantial family ties in the United States, including a United States citizen wife and two United States citizen children, which 'is a weighty factor in support of the favorable exercise of discretion under § 212(c).'" *Id.* (quoting *Kahn v. INS,* 36 F.3d 1412, 1413 (9th Cir.1994). The record also includes evidence of the active role that Ubaldo-Figueroa had taken in his children's education and upbringing. The court of appeals found that weighing the equities under the discretionary relief provided by § 212(c) resulted in Ubaldo-Figueroa's meeting his burden to show plausible relief and established a record of prejudice.

Likewise, in *U.S. v. Gonzalez-Valerio*, 342 F.3d 1051 (9th Cir. 2003), the defendant was deported in 1998 and advised that he was ineligible for any relief from deportation. The defendant re-entered and the government sought to deport him under 8 U.S.C. § 1326. The district court found that the underlying conviction was invalid because the immigration court had failed to inform the defendant that he had the right to seek discretionary waiver of deportation under s. 212(c). *Id.* at 53. The district court, in considering the collateral attack on the prior deportation, did not consider evidence of a prior conviction that might constitute an aggravated felony, because the evidence of the conviction was not in the record before the immigration judge. *Id.* at 1056 n.4.

The court of appeals reversed the district court, finding that the defendant could not meet his burden that he was prejudiced by the immigration court's failure to inform him of discretionary waiver of deportation. The court of appeals held that his prior conviction, which the district court noted was not in the administrative record, could properly have been considered. *Id.* at 1055–56. Further, the court of appeals concluded that the most reasonable reading of the sentence demonstrated that it did fit the category of an aggravated felony. *Id.* at 1056. Accordingly, the defendant failed to meet his burden of showing that he was prejudiced by the immigration court's error. *Id.* at 1057.

There is nothing in the decision of *S-Yong* which indicates that the above-stated cases which plainly allow the district court to review evidence beyond the administrative record are no longer valid. In fact, to hold that a court's collateral review is limited to the record and that the parties are barred from supplementing the record with additional evidence may benefit Mr. Garcia-Gomez, but would likely prejudice many more other defendants and run contrary to the long list of cases historically allowing supplements to the record with additional evidence to collaterally attack prior convictions both in immigration cases as well as other areas. *See*, *e.g.*, *United States v. Scott*, 394 F.3d 111, 119 (2d Cir. 2005) (directing district court's to

"reconstruct events as they existed at the time of the disputed deportation proceeding"); *United States v. Wicks*, 995 F.2d 964 (10th Cir. 1993) (holding that in considering a collateral attack on prior convictions being used for sentence enhancements, a district court should consider the "totality of the circumstances, including an assessment of both in-court and out-of-court facts"). Had Defendant Garcia-Gomez not had a prior qualifying aggravated felony conviction for perjury, this court would agree that the immigration court's defective order of removal did violate Defendant's due process rights by not informing him that he was eligible for voluntary departure under 8 USC § 1229c(a). However, under the stipulated facts agreed upon by counsel, it is clear that the Defendant was not actually eligible for voluntary departure so he could not be prejudiced by the immigration judge's failure. Therefore, the prior removal provides a valid predicate for the offense charged in this case.

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Objections (#18) to the Report and Recommendation of the Magistrate Judge (#16) are OVERRULED.

IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation (#16) of April 15, 2010 is hereby ADOPTED in its entirety.

DATED this 13th day of July, 2010.

_____
Gloria M. Navarro
United States District Judge